UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAADHI ABDUL COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>FRED FOULK, et al.,<br><br>Defendants. | No. 2:13-cv-1753 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On April 30, 2014, plaintiff's complaint was dismissed with leave to amend. Plaintiff has filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The court has screened plaintiff's amended complaint and finds that it states a claim upon which relief could be granted under the First Amendment for denial of the right of access to courts against defendants Swartz, Arnwald, Hanned and Tenya to the extent plaintiff alleges these

defendants prevented plaintiff from communicating with courts and attorneys.  Good cause appearing, the court will order that these defendants be served with process.

It is also arguable that plaintiff states a claim for at least denial of access to courts against defendant Davis as detailed in paragraphs 38-44 of plaintiff's amended complaint.  However, these claims have no relation to plaintiff's claims against defendants Swartz, Arnwald, Hanned and Tenya and therefore are not properly joined under Federal Rule of Civil Procedure 20(a)(2).  If plaintiff wishes to pursue these claims further, he must initiate a separate action.

In all other respects, plaintiff's amended complaint fails to state a claim upon which relief can be granted.  Among other things, plaintiff takes issue with the manner in which a number of his grievances have been processed.  However, plaintiff does not have a Constitutional right to a prisoner grievance process at all, let alone a manner in which grievances must be processed.  See Ramirez v. Galaza, 334 F.2d 850, 860 (9th Cir. 2003).  Plaintiff identifies the California Department of Corrections and Rehabilitation (CDCR) as a defendant.  However, CDCR is immune from suit under the Eleventh Amendment.  Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).  Plaintiff identifies several persons as defendants simply because they are supervisory staff or upper management with the California Department of Corrections and Rehabilitation (e.g. Wardens Foulk and Barnes).  However, there is no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).

For these reasons, the court will recommend that all defendants other than defendants Swartz, Arnwald, Hanned  and Tenya be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for defendants Swartz, Arnwald, Hanned and Tenya.

2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint.

/////

/////

/////

3.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a.  The completed Notice of Submission of Documents;

    b.  One completed summons;

    c.  One completed USM-285 form for each defendant listed in number 1 above; and

    d.  Five copies of the endorsed amended complaint.

4.  Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.  The Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that all defendants other than Swartz, Arnwald, Hanned and Tenya are dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 17, 2014

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
cole1753.1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAADHI ABDUL COLEMAN,<br><br>            Plaintiff,<br><br>       v.<br><br>FRED FOULK, et al.,<br><br>            Defendant. | No. 2:13-cv-1753 CKD P<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

  Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

  \_\_\_\_  completed summons form

  \_\_\_\_  completed USM-285 forms

  \_\_\_\_  copies of the _____

       Complaint

DATED:

                _____

                Plaintiff

4