UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAADHI ABDUL COLEMAN, | No. 2:13-cv-1753 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| FRED FOULK, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 17, 2014, the magistrate judge filed findings and recommendations. Plaintiff has filed objections to the findings and recommendations. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court adopts the findings and recommendations in part.

Plaintiff objects to the magistrate judge's finding that his claim against defendant Davis is not properly joined in this action. The objection is well-taken. Federal Rule of Civil Procedure 20(a)(2) provides in relevant part that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the

1

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Here, plaintiff claims interference with his right to access the courts through acts and omissions by mailroom and law library staff at High Desert State Prison.[1]  He asserts a right to relief against defendant Davis as well as other named defendants based on a series of events involving both the prison mailroom and the law library, and the asserted right presents a question of law common to all defendants.  Plaintiff has stated a cognizable claim for relief against defendant Davis, and finds defendant Davis properly joined in this action.

      Plaintiff seeks clarification of the status of his retaliation claim against defendants Swartz, Arnwald, Hanned, Tenya and Davis.  Plaintiff has stated a cognizable retaliation claim against defendant Davis.  The First Amended Complaint does not, however, include sufficient factual allegations to support a claim that defendants Swartz, Arnwald, Hanned or Tenya took some adverse action against plaintiff because he exercised a right protected by the First Amendment.[2]

      Plaintiff also seeks clarification of the status of the state law claims pleaded in his complaint.  In this civil rights action "pendent state law tort claims . . . are barred unless [plaintiff]" complied with the requirements of California's Tort Claims Act prior to filing this action. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).

/////

/////

---

[1] Plaintiff also alleges unconstitutional policies implemented by prison administrators and that their acquiescence in the events he complains of contributed to the alleged violation of his constitutional rights, but he does not object to the recommended dismissal of the two warden defendants.

[2] It is not clear to the court that plaintiff could not cure the deficiencies in his retaliation claim against defendants Swartz, Arnwald, Hanned or Tenya by amendment.  At this juncture, however, the court will not delay this action further by dismissing the First Amended Complaint with leave to amend, given that plaintiff could still seek leave to amend after defendants have appeared in this action, if he is able subject to Federal Rule of Civil Procedure 11.

Plaintiff has failed to plead that he presented his claims in accordance with the requirements of state law and the claims are therefore subject to dismissal.[3]

Finally, plaintiff objects to the recommended dismissal of defendants Hale and Nelson, contending the magistrate judge has misconstrued the nature of his claims against these two defendants. This objection is well-taken. Plaintiff has adequately alleged that defendants Hale and Nelson obstructed his efforts to obtain relief from the alleged ongoing interference with his right to access the courts by improperly screening out his grievances, refusing to file the grievances, and delivering them to staff who would then allegedly retaliate against plaintiff based on the unfiled grievances. Plaintiff has adequately stated a claim for relief against defendants Hale and Nelson.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 17, 2014, are adopted in part;

2. Defendants California Department of Corrections and Rehabilitation, Ron Barnes, and Fred Foulk are dismissed; and

3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: June 1, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Again, it is not clear that this defect could not be cured by amendment but the action will not be delayed further at this time. *See* note 2 *supra*.

3