1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAAHDI ABDUL COLEMAN,                         No.  2:13-cv-1753 KJM CKD P

12                   Plaintiff,

13          v.                                      ORDER

14   FRED FOULK, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983 and California law.  This proceeding was referred to this court pursuant to 28

19   U.S.C. § 636(b)(1) and Local Rule 302.

20          Plaintiff filed his original complaint on August 23, 2013.  On February 26, 2014, the court

21   screened the complaint, as the court is required to do under 28 U.S.C. § 1915A(a), and dismissed

22   with leave to amend.  The court noted, in part:

23          Plaintiff's complaint is 80 pages long.  It was handwritten by
             plaintiff in small, at times illegible print.  Most of the complaint is a
24          recitation of allegations of fact which are not material to any valid
             cause of action upon which plaintiff could proceed in this court.
25          Because the complaint fails, in any sense, to comply with the
             requirement that a complaint contain only a "short and plain
26          statement of the claim showing that the pleader is entitled to relief,"
             Fed. R. Civ. P. 8(a)(2), the complaint will be dismissed.
27
             The court will, however, grant leave to amend.  In the amended
28          complaint, plaintiff shall not present allegations of fact which do

                                                   1

not support any claim upon which plaintiff may obtain relief in this court. While the court understands that plaintiff is a pro se litigant, and therefore entitled to a liberal interpretation of his pleadings, plaintiff is not entitled to bombard the court and defendants with page after page of meaningless allegations in a flailing attempt to state a claim upon which the court could grant relief. If plaintiff believes he has been harmed to a degree which is actionable in this court, plaintiff should identify specifically how he was harmed (i.e. what actionable injury he has suffered) and then include only those facts which identify who actually caused him harm. Plaintiff must omit meaningless background information and defendants who either had no part in causing plaintiff harm or whom plaintiff merely suspects had some part without any facts to back up his suspicions.

Plaintiff submitted his amended complaint on May 1, 2014 which plaintiff limited to 19 handwritten pages. After this complaint was screened, plaintiff was permitted to proceed on the following claims against the following defendants:

1. Claims arising under the First Amendment for denial of the right of access to courts against defendants Swartz, Arnwald, Hanned, Tenya and Davis.

2. Claim arising under the First Amendment for retaliation for exercise of First Amendment rights against defendant Davis.

3. Claims against defendant Nelson and Hale for denial of access to courts as described on page 3 of the district court's June 2, 2015 order.

ECF No. 26. All other claims and defendants identified by plaintiff in his amended complaint were dismissed.

On November 3, 2015, defendants filed a motion to dismiss.[1] In response to the motion, plaintiff sought leave to file a second amended complaint. Among other things, plaintiff indicated a desire to attempt to cure some of the deficiencies with plaintiff's pleadings identified by defendants in their motion to dismiss and to allege compliance with the California Government Claims Act with respect to a claim arising under California law. After having reviewed defendants' motion to dismiss, after reviewing plaintiff's proposed second amended complaint, and in the spirit of Federal Rule of Civil Procedure 15(a) which allows litigants to

---

[1] The defendants who filed the motion to dismiss identify themselves as defendants Arnswald, Davis, Hale, Harrod, Nelson, Swartz and Terry.

1   amend their pleadings after a motion to dismiss is filed in order to cure deficiencies highlighted in

2   the motion to dismiss, the court granted plaintiff's motion to amend and indicated the court would

3   conduct a full screening of plaintiff's second amended complaint at a later date.  The court has

4   now conducted that screening.

5   　　　　As with plaintiff's original complaint, the second amended complaint is much too long.

6   While the second amended complaint is twenty 8 1/2 x 11 pages long, plaintiff has modified the

7   font size, line spacing and margins so that those 20 pages include approximately 40 pages of

8   material if standard font size, margins and spacing were used.[2]  Also, as with the original

9   complaint, much of the material included is either immaterial in terms of stating a claim upon

10   which relief can be granted in this court or is repetitive.  Further, plaintiff did not simply attempt

11   to cure the defects with the claims the court already identified as actionable and attempt to plead

12   compliance with the Government Claims Act as he indicated he would do in his motion for leave

13   to amend.  Instead, he also included claims and defendants which have already been screened out,

14   and countless other irrelevant factual allegations.  For these reasons, plaintiff's second amended

15   complaint, like his original complaint, violates Federal Rule of Civil Procedure 8(a)(2) and will

16   be dismissed.

17   　　　　The court will give plaintiff an opportunity to comply with Rule 8(a)(2) in a third

18   amended complaint.  And while the court is aware that plaintiff is a pro se litigant, and therefore

19   entitled to some leeway, if plaintiff ignores the court's directions with respect to contents of the

20   third amended complaint as plaintiff did with respect to the contents of the second amended

21   complaint, and still violates Rule 8(a)(2), the court will recommend that the third amended

22   complaint be dismissed under Rule 41(b) for failing to follow court orders and that this case be

23   closed.

24   /////

25   [2]  Considering the court's ability to use a computer to zoom in on the typewritten text in
26   plaintiff's second amended complaint, the complaint is at least legible.  The court highlights
     plaintiff's manipulation of margins, font size and spacing only to point out that the complaint is
27   almost twice as long as plaintiff's amended complaint which, at 20 pages, was also too long, but
     at least did not preclude the court from deciphering actionable claims or locating material
28   information.

Plaintiff's third amended complaint must be in substantial compliance with the following:

1.  Plaintiff's third amended complaint shall not be longer than 20 pages with normal margins and font size.  If plaintiff elects to handwrite his third amended complaint, the size of the text must resemble that of the text in the document he filed March 16, 2016, which is attached to this order.

2.  Plaintiff must not include anyone as a defendant in his third amended complaint who has not already appeared in this action; nor may he add any additional claims.  If plaintiff wishes to add defendants or claims, he must file a motion seeking leave to do so and in such a motion he will have to explain his delay in failing to present those claims/defendants earlier.

3.  Plaintiff must not be repetitive and must not include information or statements of law not material to his claims.

4.  Plaintiff should not sue any defendant in their official capacity as an employee of the California Department of Corrections and Rehabilitation, since such defendants are immune from suit under the Eleventh Amendment.  Will v. Mich. Dept. of State Police., 491 U.S. 58, 71 (1989). While state officials can be sued in their official capacities for injunctive relief under 42 U.S.C. § 1983, id. at n. 10, this would not be appropriate in this case as plaintiff seeks relief for past wrongs, not current violations of law.

5.  Plaintiff must not include allegations of wrongdoing by defendants without also setting forth the injury the alleged wrongdoing caused.

6.  Plaintiff should not provide information regarding exhaustion of administrative remedies as failure to exhaust is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 216 (2007).

7.  If plaintiff wishes to include a "statement of facts," it should be limited to relevant assertions of fact and should not include characterizations or summaries of the facts.  Also, a statement of facts should not include citations to legal authority, interpretations of law or asserted violations of law which are not material to plaintiff's claims.  In a separate section, plaintiff should identify his legal claims based upon the allegations of fact.  The court will then determine whether the allegations of fact permit plaintiff to proceed on the claims he identifies.

8.  As a general rule, plaintiff may include as many claims as he likes with respect to one

4

1    defendant in one action. However, claims against additional defendants in the same action must

2    be related in some meaningful way to claims asserted against the first defendant.  See Fed. R. Civ.

3    P. 20(A)(2).

4         Most of plaintiff's claims appear to concern the alleged denial of access to courts.

5    Plaintiff is informed that prisoners have a Constitutional right of access to courts.  Bounds v.

6    Smith, 430 U.S. 817, 821 (1977).  Generally speaking, there are two types of denial of access to

7    courts claims:  1) those involving the right to assistance through, among other things, provision of

8    legal materials or legal advice; and 2) those involving the literal denial of access to the courts, e.g.

9    not permitting an inmate to communicate with a court.   Silva v. Di Vittorio, 658 F.3d 1090, 1102

10   (9th Cir. 2011) overruled on other grounds in Coleman v. Tollefson, 135 S. Ct. 1759, 1763-64

11   (2015).  With respect to an inmate's challenge to his conviction or sentence and with respect to

12   actions under 42 U.S.C. § 1983 for violations of civil rights, some affirmative assistance is

13   required.  Lewis v. Casey, 518 U.S. 343, 354 (1996).  With respect to other civil actions, inmates

14   have the more minimal right to not literally be denied access through the erection of barriers to

15   claims that have a reasonable basis in law or fact.  Silva, 658 F.3d at 1102-03.  In either case, the

16   right to access is "ancillary to the underlying claim, without which a plaintiff cannot have

17   suffered injury by being shut out of court."  Christopher v. Harbury, 536 U.S. 403, 415 (2002).

18        In his second amended complaint, plaintiff makes a number of allegations concerning the

19   litigation of 1:06-cv-0836 AWI GBC, a case filed in the Fresno division of this court, including

20   that he was not permitted by prison officials to send the court certain documents.   First, the court

21   notes that plaintiff ultimately stipulated to dismissal of that action with prejudice.  In any case,

22   plaintiff does not allege that he was denied the ability to communicate with the court to raise any

23   issue he may have had with correctional officers denying him the ability to adequately pursue his

24   claims in that action.   After a review of the docket in 1:06-cv-0836 AWI GBC,[3] nothing suggests

25   any claim asserted by plaintiff was lost because plaintiff could not access the court as the

26

27   _____
     [3]  The court takes judicial notice of the contents of the docket pursuant to Federal Rule of
     Evidence 201(b)(2).

28

5

Constitution requires the he be permitted to do.[4]  For these reasons, plaintiff shall not include any

claims regarding the litigation of in1:06-cv-0836 AWI GBC in his third amended complaint.

Further, plaintiff shall not include any claims regarding Ninth Circuit Case No. 12-71845

in his third amended complaint.  Plaintiff alleges his ability to seek permission in the Ninth

Circuit to file a successive habeas petition[5] was hampered by the actions of certain defendants.

Plaintiff fails to point to any facts indicating he is now denied the ability to seek permission to file

a successive petition.  The court notes that there is no statute of limitations applicable to seeking

permission to file a successive petition, nor is there a limit as to how many times permission can

be sought.  Also, any suggestion by petitioner that he is entitled to monetary relief because of the

time he has spent in prison as a result of the denial of his request for permission to file a

successive petition is barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) (prisoner cannot

pursue civil claim which implies the invalidity if his conviction).

Finally, in his third amended complaint, plaintiff shall not include any claims concerning a

case he wished to file against his trial attorney for malpractice (ECF No. 42 at 10-11) as those

claims would also be barred by the Heck doctrine.  See Coscia v. McKenna & Cuneo, 25 Cal.4th

1194, 1204 (2001).

With respect to some of the other legal issues arising in plaintiff's pleadings, he is

informed as follows:

1.  Prison officials generally cannot retaliate against inmates for exercising First

Amendment rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's

---

[4]  Plaintiff makes allegations concerning the manner in which he believes correctional officials
hampered plaintiff's ability to litigate 1:06-cv-0836 AWI GBC with the injury caused to plaintiff
being the end result of some of his claims.  Such allegations do not amount to an independent
cause of action, they are issues which should have been presented (if at all) to the judge in 1:06-
cv-0836 AWI GBC in furtherance of the claims presented therein.  This court has no authority to
undue any ruling made in 1:06-cv-0836 AWI GBC with respect to any claim presented therein.
To the extent plaintiff is not satisfied with the outcome of any claim in 1:06-cv-0836 AWI GBC,
his only recourse would be to file a motion for reconsideration under Rule 60 of the Federal Rules
of Civil Procedure.

[5]  A prisoner confined in this district generally cannot file more than one application for a writ of
habeas corpus under 28 U.S.C. § 2254 with respect to a particular conviction or sentence without
first obtaining permission to do so from the Ninth Circuit.  See 28 U.S.C § 2244.

1    First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires

2    a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the

3    correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532.

4    The plaintiff bears the burden of pleading and proving the absence of legitimate correctional

5    goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

6        2. The Due Process Clause of the Fourteenth Amendment does not require that a prisoner

7    grievance process be conducted in a particular way because plaintiff has no constitutional right to

8    a prisoner grievance procedure. Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003).

9        3. As for any claim arising under California law, plaintiff must plead facts demonstrating

10   or excusing compliance with the California Government Claims Act, Cal. Gov. Code § 900 et

11   seq. See State v. Superior Court (Bode), 32 Cal.4th 1234, 1239 (Cal. 2004). It is not sufficient to

12   simply indicate that the Act has been complied with as plaintiff has done in his second amended

13   complaint. ECF No. 42 at 1. Plaintiff must indicate precisely how he complied with the Act with

14   respect to each claim he brings under California law. For example, if plaintiff alleges Dr.

15   Johnson was negligent for failing to provide adequate medical care for broken leg on March 30,

16   2015, plaintiff must identify the claim, then indicate exactly how he complied with the

17   Government Claims Act with respect to that claim.

18        As plaintiff was informed when his original complaint was dismissed (ECF No. 11)

19   plaintiff is again informed that the court cannot refer to a prior pleading in order to make

20   plaintiff's third amended complaint complete. Local Rule 220 requires that an amended

21   complaint be complete in itself without reference to any prior pleading. This is because, as a

22   general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

23   F.2d 55, 57 (9th Cir. 1967). Once plaintiff files his third amended complaint, prior pleadings no

24   longer serve any function in the case.

25        In accordance with the above, IT IS HEREBY ORDERED that:

26        1. Plaintiff's second amended complaint is dismissed;

27        2. Plaintiff is granted thirty days to file a third amended complaint.

28   /////

7

3.  The third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint."

4.  Failure to file a third amended complaint that substantially complies with all of the terms of this order will result in a recommendation that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

5.  No defendant need take any further action until receiving further direction from the court.

6.  The Clerk of the Court shall send plaintiff a copy of the document filed by plaintiff on March 16, 2016 (ECF No. 46).

Dated:  April 3, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cole1753.scrn(1)

8