UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAAHDI ABDUL COLEMAN,

Plaintiff,

v.

FRED FOULK, et al.,

Defendants.

No. 2:13-cv-1753 KJM CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and California law. On April 3, 2017, the court screened plaintiff's second amended complaint as the court is required to do under 28 U.S.C. § 1915A(a), and dismissed with leave to amend. Plaintiff's third amended complaint is now before the court for screening.

After having conducted the required screening, the court finds that plaintiff may proceed on the following claims against the following defendants:

1. Claim arising under the First Amendment based upon retaliation for protected activity against defendant Davis as detailed in paragraphs 26-29, 42, 52-55.

2. Claim arising under the First Amendment for denial of access to courts against defendant Terry as detailed in paragraph 45.

3. Claim arising under the First Amendment for denial of access to courts against defendant Arnswald as detailed in paragraphs 56-58.

In all other respects the allegations in the third amended complaint fail to amount to a claim upon which plaintiff may proceed because, among other reasons mostly related to the assertion of frivolous claims or unclear allegations:

1. The Due Process Clause of the Fourteenth Amendment does not require that a prisoner grievance process be conducted in a particular way because plaintiff has no freestanding constitutional right to a prisoner grievance procedure. Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir. 2003).

2. Plaintiff must allege facts showing the inability to assert a non-frivolous and arguable claim or the loss of such a claim attributable to a particular defendant in order to state a claim for damages based upon denial of access to courts. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

3. Plaintiff has failed to adequately allege a causal connection between the actions of a defendant and an injury sustained by plaintiff. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

4. With respect to claims arising under California law, plaintiff has not adequately pled compliance with the terms of the California Tort Claims Act. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Complaints must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).[1]

---

[1] In his third amended complaint, plaintiff asserts "plaintiff filed claims with the Government Claims Board in accordance with the Government Code, and plaintiff commenced this action within 6 months of the board's denial in accordance with the statute of limitations set forth in the government code." ¶ 66. Considering the body of plaintiff's complaint is 17 pages long, that there are numerous allegations of fact occurring on different dates against seven different defendants and plaintiff is generally vague as to which specific acts by defendants support his state law claims, plaintiff's allegations regarding compliance with the California Tort Claims Act

1    In accordance with the above, IT IS HEREBY ORDERED that defendants Davis, Terry

2    and Arnswald file their response to plaintiff's third amended complaint within 21 days.

3        IT IS HEREBY RECOMMENDED that defendants Swartz, Harrod, Hale and Nelson be

4    dismissed.

5        These findings and recommendations are submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after

7    being served with these findings and recommendations, plaintiff may file written objections with

8    the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

9    Recommendations."  Plaintiff is advised that failure to file objections within the specified time

10   waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

11   1991).

12   Dated:  October 25, 2017

13   _____
     CAROLYN K. DELANEY

14   UNITED STATES MAGISTRATE JUDGE

15

16

17   1
     cole1753.scrn(2)

18

19

20

21

22

23

24

25

26

27

28   are not adequate to state a claim upon which relief can be granted.

3